Scott S. Christie
Matthew A. Sklar
Omar A. Bareentto
**McCARTER & ENGLISH LLP**
100 Mulberry Street
Newark, NJ 07102
Phone: (973) 622-4444
Fax: (973) 624-7070
schristie@mccarter.com
msklar@mccarter.com
obareentto@mccarter.com

*Attorneys for Defendants*
*Valley National Bancorp and*
*Valley National Bank d/b/a*
*Valley Bank*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN ALLCOCK, on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY NATIONAL BANCORP and VALLEY NATIONAL BANK d/b/a VALLEY BANK<br><br>Defendants. | Civil Action No.:<br><br>Removed From:<br><br>Superior Court of New Jersey Law Division: Middlesex County Civil Action<br><br>State Court Docket No.: MID-L-004895-23 |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that Defendants Valley National Bancorp ("Valley National") and Valley National Bank d/b/a Valley Bank ("Valley Bank") (collectively, "Defendants") hereby remove the above-captioned action pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1453.

In support of this Notice of Removal, Defendants state as follows:

## BACKGROUND

1.      This action was filed in the Superior Court of the State of New Jersey on August 30, 2023.  Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 5.2, true and correct copies of the materials previously filed in state court are attached as **Exhibit A** hereto.  A true and correct copy of the state court's electronic docket for this action is also attached as **Exhibit B** hereto.

2.      This action is brought by named Plaintiff Susan Allcock ("Plaintiff") on behalf of herself and all those similarly situated (the "Class Members").  Plaintiff generally claims that she and the Class Members have been damaged due to unauthorized access to their personally identifying information held by Defendants.  *See, e.g.,* Compl. at ¶¶ 1, 9.

3.      On behalf of herself and the Class Members, Plaintiff purports to bring "claims for negligence, negligence *per se*, breach of fiduciary duty, breach of an implied contract, unjust enrichment, and declaratory judgment, seeking actual and punitive damages, with attorneys' fees, costs, and expenses, and appropriate injunctive and declaratory relief."  Compl. at ¶ 10.

4.      Plaintiff represents that she is a resident of the state of Maryland.  *See* Compl. at ¶ 11.

5.      Plaintiff also alleges that Defendants are headquartered in New Jersey.  *See* Compl. at ¶¶ 13, 14.

6.     Defendants' principal places of business are in New Jersey.  Valley National is a publicly traded corporation incorporated under the laws of the state of the New Jersey.  Valley Bank is a national association organized and existing under the laws of the United States with its main office in the state of New Jersey.

7.     Plaintiff claims that she and the Class Members are entitled to "an award of damages, including actual, nominal, and consequential damages" in an "amount to be determined," a variety of injunctive relief, and attorneys' fees.  *See* Compl. at pp. 31-34.  Upon and information and belief, the total amount in controversy is in excess of $5 million.

## GROUNDS FOR REMOVAL

8.     This action is a purported civil class action.  *See* 28 U.S.C. §§ 1332(d)(1)(B), 1711(2), and 1453.  Accordingly, this Court has jurisdiction over this action as it is removable pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1453.

9.     Plaintiff represents that she is a citizen of the state of Maryland.  *See* Compl. at ¶ 11.  Plaintiff also asserts that she qualifies as one of the Class Members in this action.  *See id.* at ¶ 77.  Defendants, in turn, are citizens of New Jersey for the purposes of diversity jurisdiction.  *See* Compl. at ¶¶ 13, 14; *see also, supra,* at ¶¶ 5, 6.  For the purposes of jurisdiction, Plaintiff's citizenship differs from the citizenship of both Defendants.

10.     Furthermore, upon information and belief, the citizenship of other class members differs from the citizenship of Defendants.

11.     Plaintiff alleges that Defendants "serve[] individuals across New Jersey, New York, Pennsylvania, Florida, Alabama, California, and Illinois."  Compl. at ¶ 16.  Plaintiff also alleges that notices of the purported breach that serves as the foundation of asserted claims "were sent to thousands of consumers across the country."  *See id.* at ¶ 38.  And Plaintiff because defines a

nationwide class,  class membership is not limited to individuals who reside in a particular state or states.  *See id.* at ¶ 67.  Upon information and belief, therefore, there are multiple Class Members whose citizenship differs from the citizenship of Defendants.

12.     In this purported class action, therefore, the citizenship of Defendants differs from (a) that of Plaintiff, and (b) upon information and belief, from that of other Class Members as well for the purposes of jurisdiction.  *See* 28 U.S.C. §§ 1332(d)(2)(A) (diversity of citizenship exists in a class action when "any member of a class of plaintiffs is a citizen of a State different from any defendant"); and 1332(d)(1)(D) (members of the class include "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").  Accordingly, diversity of citizenship exists in this matter.

13.     In addition to diversity of citizenship, the aggregate amount in dispute in this action exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action") and 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

14.     Plaintiff asserts that for the purposes of this action, "the class numbers in the thousands."  Compl. at ¶ 70.  And Plaintiff, on behalf of herself and other Class Members, has raised numerous claims and appears to assert that she and the Class Members are entitled to a significant amount of monetary damages purportedly corresponding to, among other things, "actual identity theft" (Compl. at ¶¶ 108, 121), damages due to supposed losses of opportunity and the compromise of certain information (*see id.* at ¶ 108), out-of-pocket expenses (*see id.*), lost opportunity costs (*see id.*), future costs (*see id.*), monetary loss due to "theft crimes, fraud, and

abuse" (*see id.* at ¶ 121), lost work time (*see id.*); and unjust enrichment (*see id.* at ¶¶ 134-136). Plaintiff further contends that she and the other Class Members are entitled to a variety of injunctive relief at considerable cost to Defendants, as well as attorneys' fees.

15.    Defendants dispute that Plaintiff and the Class Members are entitled to any relief in this action.   However, given that universe of purported damages and requested relief and Plaintiff's characterization of the size of the class at issue, upon information and belief, the matter in controversy in this action exceeds the sum or value of $5,000,000, exclusive of interest and costs

16.    As a result of the foregoing, this action is properly subject to, and removable under 28 U.S.C. § 1446 and 28 U.S.C. § 1453.

## PROCEDURAL REQUIREMENTS

17.    Both named Defendants consent to and join in removal.

18.    Defendants have not pleaded, answered, or otherwise appeared in the case.

19.    This Notice of Removal is being properly filed in the United States District Court for the District of New Jersey in light of Plaintiff's initiation of this action in the Law Division of the Superior Court of New Jersey, Middlesex County.

20.    Plaintiff has represented that Valley Bank was served with a summons and copy of the complaint on September 6, 2023 and that Valley National was served with a summons and copy of the complaint on September 11, 2023.  *See* **Exhibits C and D** (true and correct copies of materials served on Valley Bank and Valley National, respectively); *see also* **Exhibit A** (at affidavits of service).

21.    This Notice of Removal, therefore, is being filed within 30 days of purported service of a copy of the initial pleading on Defendants, and is timely under 28 U.S.C. § 1446.

ME1 46245945v.2

22.      As noted above, pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 5.2, true and correct copies of the materials previously filed in state court are attached as **Exhibit A** hereto. A true and correct copy of the state court's electronic docket for this action is also attached as **Exhibit B** hereto. A copy of "all process, pleadings, and orders" served upon Valley Bank is attached as **Exhibit C** hereto.  A copy of "all process, pleadings, and orders" served upon Valley National is attached as **Exhibit D** hereto.

23.      Defendants will promptly serve a copy of the Notice of Removal on counsel for Plaintiff and the class, and file with the Clerk of the Superior Court of New Jersey, Middlesex County, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

24.      This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  See 28 U.S.C. § 1446(a).

## NO WAIVER OF DEFENSES

25.      By removing this action from the Law Division of the Superior Court of New Jersey, Middlesex County, Defendants do not waive any defenses that are or may be available to them.

26.      By removing this action from the Law Division of the Superior Court of New Jersey, Middlesex County, Defendants do not admit any of the allegations in the Complaint.

ME1 46245945v.2

Dated: October 4, 2023                          Respectfully submitted,

                                                /s/ Scott S. Christie _____
                                                Scott S. Christie
                                                Matthew A. Sklar
                                                Omar A. Bareentto
                                                **McCARTER & ENGLISH LLP**
                                                100 Mulberry Street
                                                Newark, NJ 07102
                                                Phone: (973) 622-4444
                                                Fax: (973) 624-7070
                                                schristie@mccarter.com
                                                msklar@mccarter.com
                                                obareentto@mccarter.com

                                                *Attorneys for Defendants*
                                                *Valley National Bancorp and*
                                                *Valley National Bank d/b/a*
                                                *Valley Bank*

ME1 46245945v.2

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2023, I caused a copy of the foregoing Notice of

Removal, together with all exhibits thereto, to be served on the following counsel:

**Via first class mail and via electronic mail:**

FLITTER MILZ, P.C.
Andrew M. Milz
Jody Thomas López-Jacobs
1814 East Rt. 70, Suite 350
Cherry Hill, NJ 08003
Tel.: (856) 396-0600
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com

FRANCIS MAILMAN SOUMILAS, P.C.
James A. Francis
Jordan Sartell
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
jfrancis@consumerlawfirm.com
jsartell@consumerlawfirm.com

**Via first class mail:**

SANTONI, VOCCI & ORTEGA, LLC
Jane Santoni, Esq.
201 W. Padonia Road
Suite 101A
Timonium, MD 21093
Tel: 443-921-8161

/s/ Scott S. Christie_____

Scott S. Christie
**McCARTER & ENGLISH LLP**
100 Mulberry Street
Newark, NJ 07102
Phone: (973) 622-4444
Fax: (973) 624-7070
schristie@mccarter.com

*Attorneys for Defendants*

8

ME1 46245945v.2